RuffiN, C. J.
 

 The Court does not concur with the opinions given by his Honor. The proceedings before single magistrates are generally informal, and the Legi latur® requires, that they shall be favourably considered, if they
 
 *90
 
 can be seen
 
 to
 
 be substantially sufficient. It seems to be straining this entry most unreasonably, when it is read as nothing more than a memorandum of a conversation between the magistrate and the constable. To what end would a memorial be made of such a conversation ? Would the Justice have thought of issuing an execution on if? Or can we understand the Justice to have supposed, that the constable could take a confession of judgment, to be entered by the magistrate afterwards ? Is it not, rather, to be understood, that the Justice meant to say, that he did not give a judgment by default, but that the defendant confessed the debt to the constable, and that he, the magistrate, gave the judgment on the evidence of the Constable ? This last seems to the Court to be the fair and reasonable interpretation of what was done by the Justice. The entry was intended as a judgment by some one ; and whether the magistrate entered it as the judgment of himself, or of the constable, cannot be seriously doubted. The judgment must therefore be reversed, and judgment entered for the plaintiff upon the verdict.
 

 What has been said is sufficient to dispose of the cause. Yet we think it incumbent on us
 
 to
 
 say
 
 farther, that
 
 the defendant ought not to have been allowed to attack the judgment on the other ground, that he was not duly served with process, or notified of the day and place of trial. Doubtless those are proper grounds for impeaching the judgment; but that must be done directly upon an application to the magistrate, or to a higher tribunal, to set
 
 it
 
 aside, or reverse it for that cause, and is not open to the party collaterally, when an execution is issued or debt brought on the judgment. Such is conclusively settled to be the law in respect of judgments of Courts of record.
 
 Skinner
 
 v.
 
 Moore,
 
 2 Dev. & Bat. 152.
 
 Burke
 
 v.
 
 Elliott,
 
 4 Ired, 358. It is true, that it was otherwise at common law in respect of the proceedings of inferior tribunals, not
 
 *91
 
 proceeding according to the course of the common law. But that has been altered here by the
 
 Rev. St. Ch.
 
 31,
 
 Sec.
 
 108 ; which, in re-enacting 11, 4
 
 Hen.
 
 4
 
 C.
 
 23, altered it by including judgments before a single magistrate having jurisdiction of the subject, and putting them on the same footing with those in a Court of record. It is implied then, until the judgment be set aside or reversed, that the magistrate found, that the warrant was not only executed, but duly executed by the appointment of some certain day and place of trial; and that judgment proves itself to be right and the matter cannot be enquired of incidentally.
 

 It is to be further remarked, that the plaintiff is entitled to judgment notwithstanding the verdict is silent on the issue on the plea of
 
 plene administravit,
 
 for that plea was immaterial as the former judgment is conclusive of assets.
 
 Erving
 
 v.
 
 Peters, 3
 
 T. R. 685. Act of 1828,
 
 Rev St. Ch.
 
 46,
 
 Sec. 25.
 

 Per Curiam. Judgment for plaintiff.